BENZIGER BROS. v. UNITED STATES.

(Circuit Court, S. D. New York. May 18, 1909.)

No. 5,272.

CUSTOMS DUTIES (§ 37*)—CLASSIFICATION—ROSARIES—EJUSDEM GENERIS.

In Tariff Act July 24, 1897, c. 11, § 1, Schedule N, par. 408, 30 Stat. 189 (U. S. Comp. St. 1901, p. 1673), rosaries are not subject to duty as "articles * * * in part of beads," because not ejusdem generis with the other goods (ornaments, trimmings, etc.) there enumerated.

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 37.*]

On Application for Review of a Decision by the Board of United States General Appraisers.

The decision below, reported as G. A. 6,739 (T. D. 28,883), affirmed the assessment of duty by the collector of customs at the port of New York on imported rosaries. The collector classified the rosaries under the provision in Tariff Act July 24, 1897, c. 11, § 1, Schedule N, par. 408, 30 Stat. 189 (U. S. Comp. St. 1901, p. 1673), for "articles * * * in part of beads." The pertinent part of this paragraph is as follows:

"408. * * * Fabrics, nets, or nettings, laces, embroideries, galloons, wearing apparel, ornaments, trimmings, and other articles not specially provided for in this act, composed wholly or in part of beads, * * * sixty per centum ad valorem."

The majority and dissenting opinions of the Board of General Appraisers read in part as follows:

McCLELLAND, General Appraiser. The merchandise involved is returned by the appraiser as "rosaries," and duty was assessed thereon at the rate of 60 per cent. ad valorem under the provisions of Tariff Act July 24, 1897, c. 11, § 1, Schedule N, par. 408, 30 Stat. 189 (U. S. Comp. St. 1901, p. 1673). The protest is against such assessment, and it is claimed alternatively that duty should have been assessed thereon according to the component material of chief value. * * * When the protest was called for hearing, it was submitted for decision on an affidavit of Issa Batarse, made before the American consul at Jerusalem, in the province of Palestine, empire of Turkey, in which it is set forth that in each of the grades of rosaries involved the beads are the component material of chief value. It is not the practice of the Board to accept such affidavits, in the absence of corroborative proof, as conclusive. But, since the Board has passed upon a similar question, we deem it unnecessary to make any finding as to the component material of chief value.

In Abstract 16,039 (T. D. 28,300) the Board passed upon the classification of rosaries, which, from the records in that case and the one at bar, we believe to be similar to those we are now called to pass upon; and, as in that case it was held that the merchandise was subject to a duty at the rate of 60 per cent. ad valorem under the provisions of paragraph 408 of said tariff act as here assessed, we follow the Board's conclusions and overrule the protest, affirming the action of the collector.

SHARRETTS, General Appraiser. I do not concur in the conclusions reached by my colleagues in this case. Rosaries, although composed principally of beads, are neither ornaments nor ornamental in character. They are carried in the pocket and are used exclusively for devotional purposes. In this respect they differ, as far as I am aware, from any other known article composed of beads; and I can think of no more appropriate appli-

cation of the principle of ejusdem generis than that the provision in paragraph 408 for all other articles composed wholly or in part of beads relates only to articles similar to those specified therein, all of which, without exception, are ornaments, or articles ornamented, and beads are applied thereto. To include rosaries in paragraph 408 would be to make a single exception that would destroy the symmetry of the whole paragraph. The tariff act of 1883 (Act March 3, 1883, c. 121, 22 Stat. 488) and prior acts associated beads with ornamented articles. Turning to the act of 1883, we find: "396. Beads and bead ornaments of all kinds, except amber, fifty per centum ad valorem." The act of 1890 (Act Oct. 1, 1890, c. 1243, 26 Stat. 564) made no separate provision for bead ornaments; but under the act of 1894 (Act Aug. 27, 1894, c. 349, 28 Stat. 509) there were two paragraphs relating to beaded goods, namely: "301. Laces and articles made wholly or in part of lace * * * and beaded silk goods." And: "354. Manufactures known commercially as beads, beaded or jet trimmings and bead ornaments, thirty-five per centum ad valorem."

As bearing upon what Congress had in mind in framing these paragraphs, it is instructive to note that in volume 6, pages 52 and 53, of the hearings before the finance committee of the United States Senate, it was recommended that fabrics or articles ornamented with beads should be classified with laces, edgings, embroideries, etc. Paragraph 408 of the tariff act of 1897, in the light of the provisions of former acts, extending back for a period of more than 50 years, would seem to include only beads and bead ornaments, or articles ornamented with beads. Such an interpretation of the statutes would and should exclude from paragraph 408 articles used solely for devotional purposes.

Paragraph 179, Schedule C, of the present tariff act (30 Stat. 166 [U. S. Comp. St. 1901, p. 1644]), enumerates laces, embroideries, braids, galloons, trimmings, or other articles made wholly or°in chief value of tinsel wire, lame or lahn, bullions, or metal threads, and it will be observed that the foregoing enumerated articles are identical with those specified in paragraph 408. Merchandise known as metallics, consisting of lame, was returned for duty by the collector at the port of New York at 60 per cent. ad valorem under paragraph 179 as articles composed wholly of lame. An appeal having been taken, Judge Coxe, in passing upon the question, said in part: "It is entirely clear, within the recognized doctrine of 'noscitur a sociis', that it [metallics] cannot be classed among the articles made of lame, which Congress intended to cover by the last clause in question, for that clause relates to laces, embroideries, braids, and similar articles." Marsching v. U. S. (C. C.) 113 Fed. 1006.

Paragraph 339, Schedule J, of the present tariff act (30 Stat. [U. S. Comp. St. 1901, p. 1662]), also contains a provision very similar to that in paragraph 408, covering laces, embroideries, nets, and nettings and other articles. The Circuit Court for the Northern District of Illinois upheld the contention of the importer that this did not cover fish netting, but was limited by the rule of "ejusdem generis" to articles of the general character therein specified. Ederer v. U. S. (C. C.) T. D. 25,111. See, also, Wiebusch et al. v. U. S., 84 Fed. 451, 28 C. C. A. 154, regarding the rule of "ejusdem generis" or "noscitur a sociis."

Great stress has been laid upon the decision of the Supreme Court in Benziger v. Robertson, 122 U. S. 211, 7 Sup. Ct. 1169, 30 L. Ed. 1149, where it was held that rosaries, not being enumerated, were dutiable at 50 per cent. ad valorem under Schedule M, § 2504, Rev. St. p. 473 (2d Ed.) the rate applicable to beads in accordance with the provisions of section 2499, Rev. St., which enacted that on all articles manufactured from two or more materials the duty shall be assessed at the highest rates at which any of its component parts may be chargeable. Rosaries, although not provided for eo nomine in the present act, are provided for according to material. Were such not the case, however, inasmuch as beads unstrung constitute the component material of chief value in the rosaries in question, under the Benziger Case they would be dutiable at 35 per cent. ad valorem as beads, under paragraph 408, in accordance with the provisions of section 7 of the present act (30 Stat. 205 [U. S. Comp. St. 1901, p. 1694]), and as 35 per cent. would be the mini-

mum rate now claimed by the importers, I do not deem it necessary to further discuss this phase of the case.

In my opinion the importers' contention is well founded and the protest should be sustained.

Everit Brown, for importers.
Addison S. Pratt, Asst. U. S. Atty.

PLATT, District Judge. Decision reversed, on the dissenting opinion of General Appraiser Sharretts, which thoroughly expresses my view that the rosaries in question are excluded from paragraph 408 of the tariff act by the principle of ejusdem generis.